IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALTEK SEMICONDUCTOR CORP., | No. C-04-4265 MMC |
| Plaintiff, | **ORDER DISMISSING ACTION AS MOOT; VACATING AUGUST 19, 2005 HEARING ON MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| MARVELL SEMICONDUCTOR, INC., | |
| Defendant. | |

Before the Court is defendant Marvell Semiconductor, Inc.'s ("Marvell") motion, filed July 15, 2005, for summary judgment of invalidity of United States Patent No. 6,433,608 ("the '608 patent"), which motion is scheduled to be heard August 19, 2005. Rather than oppose the motion on its merits, plaintiff Realtek Semiconductor Corp. ("Realtek") represents that it has provided Marvell with a covenant not to sue, which states, in its entirety:

> Realtek Semiconductor Corporation, the sole and exclusive owner of U.S. Patent No. 6,433,608 ("the '608 patent"), through its attorneys, hereby grants to Marvell Semiconductor, its subsidiaries and affiliates and their direct and indirect customers a perpetual immunity from suit under the '608 patent, for past and future, to make, have made, use, sell, offer for sale, import or otherwise dispose of any products or practice any method covered by the '608 Patent. This covenant not to sue extends to causes of action for inducement to infringe and contributory infringement. Nothing in this covenant precludes suit on products of Marvell's that practice other patents or infringe other rights (not under the '608 Patent) of Realtek.

(See Realtek Semiconductor Corp.'s Opposition to Motion for Summary Judgment as Moot, filed July 29, 2005, Ex. A.) Realtek further represents that it has asked Marvell to stipulate to dismissal of the instant action. Should Marvell decline to stipulate to dismissal, Realtek

states, Realtek plans to move the Court for an order dismissing the instant action, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. To date, no stipulation of dismissal has been filed.

Realtek contends that, in light of the above-described developments, Marvell's motion for summary judgment is moot. The Court agrees. The only cause of action asserted by Realtek is that Marvel directly or indirectly infringes or has induced infringement of the '608 patent. (See Compl. ¶¶ 13.) Realtek's covenant granting Marvell "perpetual immunity" for infringement of the '608 patent renders its infringement claim against Marvell moot. Realtek's covenant likewise has rendered moot Marvell's counterclaim against Realtek for a declaratory judgment of non-infringement and invalidity of the '608 patent. (See Counterclaim ¶¶ 26-32; see also, e.g., Super Sack Mfg. Corp. v. Chase Packaging Corp., 57 F.3d 1054, 1058 (Fed. Cir. 1995) ("[A] patentee defending against an action for a declaratory judgment of invalidity can divest the trial court of jurisdiction over the case by filing a covenant not to assert the patent at issue against the putative infringer with respect to any of its past, present, or future acts"). As all claims are moot, not only is the motion moot but dismissal of the entire action is appropriate.

In its reply, Marvell objects that Realtek has not offered to pay Marvell for any of the fees and costs it incurred in defending against the instant action. Marvell states that it intends to file a motion for fees and costs, pursuant to 35 U.S.C. § 285. Whether Marvell is entitled to an award of fees and costs will be determined if and when Marvell files such a motion.

Accordingly, for the reasons set forth above, the August 19, 2005 hearing on Marvell's motion for summary judgment is hereby VACATED, and the above-titled action is hereby DISMISSED with prejudice.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 12, 2005

MAXINE M. CHESNEY
United States District Judge