IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALTEK SEMICONDUCTOR CORPORATION,<br><br>            Plaintiff,<br><br>   v.<br><br>MARVELL SEMICONDUCTOR, INC.,<br><br>            Defendants.<br>_____/ | No. C-04-4265 MMC<br><br>**ORDER DENYING REALTEK'S ADMINISTRATIVE MOTION TO FILE PAPERS UNDER SEAL; STRIKING WITHOUT PREJUDICE REALTEK'S OPPOSITION TO MARVELL'S MOTION FOR ATTORNEYS' FEES AND DECLARATION IN SUPPORT THEREOF; CONTINUING HEARING ON MOTION FOR ATTORNEYS' FEES AND COSTS; DIRECTING CLERK TO SEAL FROM PUBLIC VIEW DOCKET NOS. 79 AND 80**<br><br>(Docket No. 82) |

  Before the Court is plaintiff Realtek Semiconductor Corporation's ("Realtek") motion, filed September 16, 2005, for leave to file two documents under seal in connection with its opposition to defendant Marvell Semiconductor Inc.'s ("Marvell") motion for attorneys' fees and costs ("fees motion").

  With respect to Realtek's request to file under seal Marvell's Early Neutral Evaluation ("ENE") statement, the Court finds Realtek has violated the ADR Local Rules of this District by seeking to rely on such document in support of its opposition. ADR Local Rule 5-12 expressly provides that "all counsel and parties . . . shall treat as 'confidential information' the contents of the written ENE Statements, anything that happened or was

said, any position taken, and any view of the merits of the case formed by any participant in connection with any ENE session." See ADR L.R. 5-12.  Additionally, Rule 5-12 specifically provides that such "confidential information" may not be "disclosed to the assigned judge" or "used for any purpose, including impeachment, in any pending or future proceeding in this court." See id.  Consequently, Realtek is not entitled to file Marvell's ENE statement under seal, as Realtek may not file the statement in any form in connection with its opposition to the fees motion.

Further, the Court is advised that Realtek's opposition and the Declaration of Sean P. DeBruine in support thereof ("DeBruine Declaration") contain a discussion of the ENE session between Realtek and Marvell.[1]  For the reasons set forth above, Realtek has violated the ADR Local Rules by referring to such matters in its briefing.  Consequently, the Court will strike Realtek's opposition and the DeBruine Declaration, without prejudice to Realtek's refiling amended versions of those documents, deleting all references to the ENE proceedings.

With respect to Realtek's request to file the parties' confidential settlement agreement under seal, although Realtek has set forth good cause to file that document, attached as Exhibit 3 to the DeBruine Declaration, under seal, Realtek's request, in light of the Court's having stricken the opposition to which such exhibit relates, will be denied without prejudice.

Accordingly,

1.  Realtek's motion to file under seal Marvell's ENE statement, as Exhibit 7 to the DeBruine Declaration, is DENIED.

2.  Realtek's motion to file under seal Exhibit 3 to the DeBruine Declaration is DENIED, without prejudice.

3.  Realtek's opposition to the fees motion, and the DeBruine Declaration in support thereof, are hereby STRICKEN from the record due to Realtek's violation of ADR Local

---

[1] The Court has not reviewed the opposition, the DeBruine Declaration, or the ENE statement, and, for the reasons expressed above, will not do so.

1  Rule 5-12.  The Clerk shall seal from public view Docket Nos. 79 and 80.

2      4.  Realtek may file an amended opposition and an amended DeBruine Declaration, deleting all references to ENE proceedings, no later than September 30, 2005.  Marvell may file a reply no later than October 7, 2005.  The hearing on the fees motion is hereby CONTINUED from October 14, 2005 to November 4, 2005 at 9:00 a.m.

    **IT IS SO ORDERED.**

Dated: September 23, 2005　　　　　　　　　MAXINE M. CHESNEY
　　　　　　　　　　　　　　　　　　　　　United States District Judge